

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Treasury Department
Austin, Texas

Dear Sir:

Opinion No. O-6314
Re: Whether the State Treasurer,
under the facts given, has
the authority to refund to
the district involved the
fiscal agency fee collected
for receiving and disbursing
funds, and related questions.

Your letter of December 7th, 1944, requesting the opinion of this department on the questions stated therein, is in part, as follows:

"The State Treasurer serves as Ex-officio Treasurer and Fiscal Agent for Texas Political sub-divisions in servicing their outstanding bonded indebtedness is authorized by Article 4379-B Revised Civil Statutes.

"Section 3 of Article 4379-B, requires that the State Treasurer collect a fee in the amount of 1/20 of 1% of the principal to be paid and/or 1/8 of 1% of the amount of interest to be paid, stipulating that such fee is for receiving and disbursing funds and that said fee shall be credited to commissions and exchanges earned;  to be used by the State Treasurer in the administration of this Act.

"Bonds may be payable, or called for payment, at the office of the State Treasurer and at one of more other designated placed of payment.  Provided funds have been made available for the payment of maturities

at various places, including the State Treasury,
(where the fiscal agency fee has been deposited),
and the bond holders elect to collect through one
or more agencies other than the State Treasury, and
the district involved requests a refund of the amount
deposited with agencies to which bonds were not
presented;

"1.  Can the State Treasurer, in your opinion,
also refund to the district the fiscal agency fee
collected for receiving and disbursing funds?

"2.  When at the time funds are deposited,
there is doubt whether maturities will be presented
at this office, can the State Treasurer, under Sec-
tion 3 of Article 4379-B place in suspense account
the Fiscal Agency Fee collected for receiving and
disbursing funds?

"3.  Is the State Treasurer required under the
law, to refuse acceptance of funds for paying bond
maturities when the Fiscal Agency fee is not in-
cluded with the remittance?"

Article 4379-B, Vernon's Annotated Civil Statutes
reads as follows:

"Section 1.  Any bond, warrant, or other evi-
dence of indebtedness issued by any municipality or
political subdivision of this State, including
counties, cities, roads, schools, water improvement,
irrigation, drainage, and navigation districts may
at the discretion of the municipality or political
subdivision, together with the interest thereon,
be payable at the Office of the State Treasurer of
the State of Texas in the City of Austin, and the
State Treasurer is hereby designated as Ex-officio
Treasurer and fiscal agent of said municipality
or political subdivision for the purpose of receiv-
ing deposits of funds for the payment of such bonds
and interest thereon, making payment of said appli-
cation as provided therein and for all purposes
herein designated and those necessary or incidental
thereto."

"Section 2.  The State Treasurer shall deposit
all funds coming into his hands as Ex-officio Treasurer,
and on account of his designation as fiscal agent of
such municipality or political subdivision, shall keep

a separate account for each municipality or political subdivision of any monies received from the credit of such municipality or political subdivision under the provisions of this Act. All monies deposited to the credit of such municipality or political subdivision with the State Treasurer up to August 31, 1944, are hereby appropriated to said respective municipalities and political subdivisions and shall be received, payable, used, and applied by the State Treasurer as fiscal agent and the Ex-officio treasurer of said respective municipality and political subdivision, to the payment of interest and principal due on obligations maturing on prior to such time as may be directed in writing by said respective municipality or political subdivision, and each year thereafter all monies deposited with the State Treasurer for such purposes and all monies remaining therein from the previous year shall be received and held by him as fiscal agent and Ex-officio treasurer of said municipality or political subdivision and shall be subject to appropriation for the payment of interest and principal from time to time upon any bonds made payable at the Office of the State Treasurer in such manner as may be directed by such municipality or political subdivision. As payment of interest and principal becomes due upon any obligation, the treasurer of said municipality or political subdivision shall remit to the State Treasurer, not later than fifteen (15) days prior to the date of maturity, all sums due or to become due on any maturity. Upon receipt of such funds by the State Treasurer, he shall request the State Comptroller of Public Accounts to issue his warrant to the State Treasurer shall pay the same at his office in Austin. Such warrants shall state on their face that the proceeds of same are to be applied by the State Treasurer to the payment of certain specified bonds or interest coupons thereon described, giving the names of the municipality or political subdivision of which they were issued, numbers, amounts, and dates of the maturities of the obligations and interest to be paid with instructions to the State Treasurer to return to the treasurer of such municipality or political subdivision such obligations and interest coupons when the same are paid and the treasurer of said municipality or political subdivision, upon receipt of same, shall cause to be duly entered a record of such payment and cancellation.

"Section 3. The State Treasurer shall collect for the use of the State, from said municipality of political subdivision for receiving and disbursing such funds, a commission of 1/8th of 1% on interest, and 1/20th or 1% on principal. The treasurer of said municipality or political subdivision shall remit to the State Treasurer as Ex-officio treasurer of said municipality or political subdivision, the exchange or commission as herein provided at the time of such remittance for the payment of any maturing obligation or interest thereon. Upon receipt of such exchange or commission paid by the municipalities or political subdivisions, the State Treasurer shall credit the same to the commissions and exchanges earned, and all commissions and exchanges earned or so much as necessary, are hereby appropriated to the State Treasurer to be used by him as the administrator of the provisions of this Act. Any balance remaining at the end of any fiscal year shall be available for use in the next fiscal year.

"Section 4. It is the general intent of this Act to provide an inexpensive and feasible means for the payment of bonds and interest coupons issued by municipalities and political subdivisions in the State at the Office of the State Treasurer, and this Act shall be broadly construed to carry out such intent and purpose, and any official or officials, or any municipality or political subdivision and the State Treasurer concerned in any way with the administration of this Act, is authorized and directed to perform any and all acts and duties necessary, requisite or appropriate to facilitate and expedite the operation of the Act to the end that such bonds and interest thereon may be promptly paid and the payment thereof clearly evidenced and accounted for.

"Section 5. The State Treasurer shall return to the municipality or political subdivision depositing funds for the payment of interest coupons or the retirement of bonds, all such coupons and bonds as have matured or been retired by purchase after cancelling same, together with the statement of the account of such municipality or subdivision, showing the amount received and placed to its credit, the service charges, and the amount of coupons and bonds retired. At the request of the municipality or political subdivision, the State Treasurer shall remit to said municipality or subdivision of the State any balance remaining in his hands more than two (2) years, for which bonds or coupons have not been presented for payment and

thereafter the municipality or political subdivision shall pay such coupons or bonds when presented. Any municipality or political subdivision shall have the right at any reasonable time to a statement of its account with the State Treasurer."

S. B. No. 332, Acts of 48th Leg., R. S., 1943, is an Act making appropriations for the Executive and Administrative Departments of the State Government as therein mentioned. A portion of said appropriation act pertaining to the State Treasurer, p. 1018 of the General Special Laws of Texas. (48th Leg., Reg. Ses.) provides "All funds received by the State Treasurer under and by virtue of Chap. 3, H. B. 684, Acts of the 46th Leg., and as amended, are deposited in the Treasurer's Fiscal Agency Fund, together with any balance on hand at the beginning of each fiscal year, are hereby appropriated to the uses and purposes provided in said Act." (Ch. 3 H. B. 684, Acts of 46th Leg., mentioned in the foregoing quotation is Art. 4379B, VACS.)

Your first question is respectfully answered in the negative. Art. 4379-B contains no provision authorizing the State Treasurer as Ex-officio treasurer and fiscal agent for Texas political subdivisions to refund fiscal agency fees collected under the statute. It will be noted that Section 2 of said Article expressly provides "As payment of interest and principal becomes due upon any obligation, the treasurer of said municipality or political subdivision shall remit to the State Treasurer, not later than fifteen (15) days prior to the date of maturity all sums due or to become due on maturity." Section 3 of said statute expressly provides that "The treasurer of said municipality or political subdivision shall remit to the State Treasurer as Ex-officio treasurer of said municipality or political subdivision, the exchange and commission as herein provided at the time of such remittance for the payment of any maturing obligations or interest thereon. Upon receipt of such exchange and commission paid by the municipality or political subdivision, the State Treasurer shall credit same to the commissions and exchanges earned, and all commissions and exchanges earned, or so much as is necessary, are hereby appropriated to the State Treasurer to be used by him as the administrator of the provisions of this Act. Any balance remaining at the end of the fiscal year shall be available for use in the next fiscal year."

With reference to your second question you are respectfully advised that it is our opinion that Section 3 of

Article 4379-B does not authorize the State Treasurer to place in his suspense account the Fiscal Agency fees collected for receiving and disbursing funds under the facts stated. We have also carefully considered Art. 4388, V. A. C. S. in connection with your second question and it is our opinion that this statute has no application to the question under consideration.

We now consider the third question. Article 4359-B does not expressly authorize the State Treasurer to refuse acceptance of funds for paying bond maturities when the fiscal agency fee is not included with the remittance. However, Sec. 3 of said statute specifically requires the treasurer of any municipality or political subdivision to remit to the State Treasurer as Ex-officio treasurer of said municipality of political subdivision, the exchange and commission as provided by the statute at the time of such remittance for the payment of any maturing obligation or interest thereon. As the statute expressly requires the treasurer of any municipal or political subdivision to remit to the State Treasurer as Ex-officio treasurer of said municipality or political subdivision, the exchange and commission as provided by the statute at the time of the remittance for the payment of a maturing obligation or interest thereon, it is our opinion that the State Treasurer can legally refuse the acceptance of funds for paying bond maturities when the fiscal agency fee is not included with the remittance as required by the state.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (signed)
Ardell Williams
Assistant

AW/lw/fo/jcp

APPROVED DEC 14, 1944
Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY G. W. B, Chairman